# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CHARLOTTE R. WEISS**,

        Plaintiff,

        vs.                                No. **CIV 06-243 MCA/WPL**

**OFFICER T. MASSERT**,
**OFFICER CHRISTOPHER BACA,**
**ERNIE SERTA, ANDREW QUILLMAN,**
and **JAY A. ROWLAND**,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on the following motions: (1) *Defendants'
Second Motion for Sanctions* [Doc. 45] filed on May 4, 2007; (2) Defendant's *Motion to
Strike* [Doc. 46] filed on May 4, 2007; (3) Plaintiff's *Demand for Settlement* [Doc. 47] filed
on May 7, 2007; (4) Plaintiff's *Motion for Non-Dismissal of Defendant* [Doc. 49] filed on
May 18, 2007; (5) *Defendant's Fourth Motion for Sanctions* [Doc. 52] filed on May 24,
2007; (6) *Defendant Quillman's Motion to Dismiss With Prejudice* [Doc. 53] filed on May
25, 2007; (7) Plaintiff's *Motion for Answer to Defendants Sanctions* [Doc. 55] filed on May
29, 2007; (8) Plaintiff's *Second Motion for Nondismissal of Defendants* [Doc. 59] filed on
June 6, 2007; (9) *Defendant Massert's Motion to Dismiss With Prejudice* [Doc. 60] filed on
June 6, 2007; (10) *Defendant Baca's Motion to Dismiss With Prejudice* [Doc. 62] filed on
June 7, 2007; (11) *Defendant Serta's Motion to Dismiss With Prejudice* [Doc. 69] filed on
June 13, 2007; (12) *Plaintiff's Motion Requesting Depositions of Each Defendant* [Doc. 77]

filed on July 18, 2007; and (13) Plaintiff's *Request for Pre-Trial Settlement on the Above Cause* [Doc. 79] on August 13, 2007.  Having considered the parties' submissions, the applicable law, and being otherwise fully advised in the premises, the Court finds that this action must be dismissed with prejudice as to all remaining Defendants for the reasons set forth below.

## I.    <u>BACKGROUND</u>

The history of this litigation is set forth in the Court's *Order* [Doc. 17] filed on November 16, 2006.  Since that date, Plaintiff filed an *Amended Complaint* [Doc. 18], which Defendants answered on December 21, 2006.  [Doc. 19.]  The Honorable William Lynch, United States Magistrate Judge, then imposed a set of case-management deadlines and issued a number of rulings designed to shepherd the parties through the discovery phase of the litigation.  [Doc. 20, 21, 27, 29, 38, 42.]

Defendants have moved for sanctions against Plaintiff on the grounds that she continues to violate the terms of the Court's prior orders as well as the Federal Rules of Civil Procedure.  [Doc. 45, 48, 52.]  Specifically, Defendants allege that Plaintiff:  (1) failed to mail her initial disclosures to Defendant's counsel as required by Fed. R. Civ. P. 26 and the terms of Judge Lynch's *Order* [Doc. 38] filed on April 5, 2007; (2) failed to mail a list of witnesses to Defendant's counsel with a summary of their anticipated testimony for inclusion in an amended Joint Status Report as directed in Judge Lynch's *Order* [Doc. 38] of April 5, 2007; (3) filed a document entitled *Amended Pleadings and Additional Parties* [Doc. 46] a month after the deadline for amending her pleadings had expired; (4) filed documents which

2

misrepresent the content and context of her communications with Defendant's counsel; and (5) failed to comply with the Court's deadline for disclosing information about her expert witnesses as required under Fed. R. Civ. P. 26(2)(B).

Defendants also have moved to strike Plaintiff's amended pleading and to dismiss all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  [Doc. 46, 53, 60, 62, 69.]  Plaintiff has not filed timely formal written responses to these motions.  Instead, she has filed a variety of non-responsive motions and requests of her own, including: a *Demand for Settlement* [Doc. 47] filed on May 7, 2007; a *Motion for Non-Dismissal of Defendant* [Doc. 49] filed on May 18, 2007; a *Motion for Answer to Defendants Sanctions* [Doc. 55] filed on May 29, 2007; *Plaintiffs Answers to Request Admissions of Defendants* [Doc. 72] filed on June 18, 2007; *Plaintiff's Motion Requesting Depositions of Each Defendant* [Doc. 77] filed on July 18, 2007; and a *Request for Pre-Trial Settlement on the Above Cause* [Doc. 79] filed on August 13, 2007.

## II.   ANALYSIS

### A.   Standard of Review

The Supreme Court recently clarified the standard of review that applies to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).  Twombly reaffirms that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  It follows that the

Court's task in determining whether a plaintiff's pleading must be dismissed under Fed. R.

Civ. P. 12(b)(6) "is not to weigh potential evidence that the parties might present at trial, but

to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for

which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).

Twombly emphasizes, however, that the "plain statement" required under Fed. R. Civ.

P. 8(a)(2) must "possess enough heft to sho[w] that the pleader is entitled to relief."

Twombly, 127 S. Ct. at 1966 (internal quotation marks omitted). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Id. at 1964-65 (citations omitted). "Factual allegations must be enough to raise

a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." Id. at 1965 (citation and footnote omitted).

In articulating this standard, Twombly abrogated the Supreme Court's earlier

pronouncement in Conley, 355 U.S. at 45-46, that "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." Twombly, 127 S. Ct. at

1968. This language from the Conley opinion is problematic because, when read literally

and in isolation, it could suggest that "a wholly conclusory statement of claim would survive

a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might

later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 127 S. Ct.

at 1968.

The "practical significance" of such a literal reading of <u>Conley</u> is that it may force defendants to go through the burden and expense of conducting discovery before they are afforded their first real opportunity to seek the dismissal of groundless claims.  <u>Id.</u> at 1966 (citing <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005)).  Plaintiffs, in turn, may use this additional burden and expense of conducting discovery as leverage to induce an otherwise unjustified settlement of such groundless claims.  <u>See id.</u> at 1966-67.

To combat such abuses, the <u>Twombly</u> opinion emphasizes that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."  <u>Id.</u> (quoting <u>Daves v. Hawaiian Dredging Co.</u>, 114 F. Supp. 643, 645 (D. Hawaii 1953)).  Although <u>Twombly</u> applied this standard in the context of a putative class action under the Sherman Act, the Tenth Circuit recently applied it in other contexts as well.  <u>See</u> <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, No. 06-4162, 2007 WL 1969681, at *3-5 (10th Cir. July 9, 2007); <u>Alvarado v. KOB-TV, L.L.C.</u>, No. 06-2001, 2007 WL 2019752, at *3 n.2 (10th Cir. July 13, 2007).

The Court's concern with disposing of groundless claims in an efficient and timely manner takes on added significance when, as here, the Defendants plead qualified immunity as a defense.  While a qualified-immunity defense does not give rise to a heightened pleading standard, <u>see</u> <u>Moya v. Shollenbarger</u>, 465 F.3d 444, 454-55 (10th Cir. 2006), it does require a plaintiff's pleadings to possess enough heft to "show (1) that the defendant's conduct

violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established at the time of the alleged violation." Eaton v. Meneley, 379 F.3d 949, 954 (10th Cir. 2004). "Unless both prongs are satisfied, the defendant will not be required to 'engage in expensive and time consuming preparation to defend the suit on its merits.'" Id. (quoting Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

Application of this standard is complicated in this case because the Plaintiff appears *pro se* and has failed to timely file formal written responses to the Defendants' motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Under these circumstances, the Court does ***not*** construe the absence of timely and responsive filings by the Plaintiff as an indication of her consent to grant Defendants' motions under D.N.M. LR-Civ. P. 7.1(b), because the lack of a timely responsive filing alone, without further analysis, does not provide legally sufficient grounds for dismissing this action.  See Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002).  In order to reach such a result under this scenario, the Court instead views Plaintiff's lack of timely and responsive filings in the broader context of the sanctions analysis outlined in Meade v. Grubbs, 841 F.2d 1512 (10th Cir. 1988).

**B.**   **Defendants' Motions for Sanctions**

Fed. R. Civ. P. 41(b) provides that an action may be involuntarily dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." More specifically, Fed. R. Civ. P. 16(f) and 37(b)(2)(C) provide that the Court may impose sanctions on such terms as are just, including "striking out pleadings" or "dismissing the action," if a party "fails to obey a scheduling or pretrial order."  "A court also has an

6

'inherent power' to 'levy sanctions in response to abusive litigation practices.'" <u>Jones v. Thompson</u>, 996 F.2d 261, 264-66 (10th Cir. 1993) (quoting <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 765 (1980)).

With respect to involuntary dismissals under the above authorities, the Tenth Circuit has stated that:

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

<u>Ehrenhaus v. Reynolds</u>, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted); <u>accord</u> <u>Gripe v. City of Enid</u>, 312 F.3d 1184, 1188 (10th Cir. 2002); <u>Jones</u>, 996 F.2d at 264.  In this case, I find that these factors weigh in favor of dismissing all of Plaintiff's claims with prejudice as to all remaining Defendants.

Turning to the first of the <u>Ehrenhaus</u> factors, I find that Plaintiff has repeatedly failed to comply with rules and orders of this Court and that Defendants are unfairly prejudiced by these failures.  In this regard, the Court notes that Plaintiff was ordered to provide a more definite statement of her claims on two prior occasions, first in <u>Weiss v. Albuquerque Police Dep't</u>, No. CIV 05-807 MCA/RHS, Doc.  26 (D.N.M. filed Jan. 18, 2006), and again in the Court's *Order* [Doc. 17] of November 16, 2006, in the present action.

After Plaintiff finally filed an amended pleading in response to the latter *Order*, Judge Lynch imposed a set of case-management deadlines with which Plaintiff again failed to

comply in a timely and appropriate manner.  Specifically, Plaintiff:  (1) failed to mail her initial disclosures to Defendant's counsel as required by Fed. R. Civ. P. 26 and the terms of Judge Lynch's *Order* [Doc. 38] filed on April 5, 2007; (2) failed to mail a list of witnesses to Defendant's counsel with a summary of their anticipated testimony for inclusion in an amended Joint Status Report as directed in Judge Lynch's *Order* [Doc. 38] of April 5, 2007; (3) filed a document entitled *Amended Pleadings and Additional Parties* [Doc. 46] a month after the deadline for amending her pleadings had expired; (4) failed to comply with the Court's deadline for disclosing information about her expert witnesses as required under Fed. R. Civ. P. 26(2)(B); (5) instead filed a number of vague, incomprehensible, or non-responsive motions of her own, and (6) attempted to conduct discovery by communicating with Defendants directly even though she knew that they were represented by counsel.

These acts and omissions are unfairly prejudicial to Defendants because they adversely affect Defendants' ability to identify relevant witnesses and complete discovery in a fair and efficient manner, especially considering (1) the level of vagueness and ambiguity in Plaintiff's pleadings, (2) the fact that the incidents which give rise to her complaints occurred more than three years ago, and (3) the apparent complexity of Plaintiff's numerous medical problems.  When considered in their totality, these factors combine to deprive the Defendants of a fair opportunity to conduct discovery concerning Plaintiff's allegations and to expedite the disposition of this case in the manner contemplated by Fed. R. Civ. P. 16, the doctrine of qualified immunity, and the Supreme Court's recent pronouncements in <u>Twombly</u>, 127 S. Ct. at 1966-67.

8

Additionally, the remaining Defendants are prejudiced by the cost and delay occasioned by Plaintiff's multiple motions which request further extensions of time, make *ad hominem* attacks on opposing counsel, and continue to revisit the same issues that have already been decided or dismissed in earlier rulings. For example, even though Plaintiff's *Motion for Settlement* was previously denied in No. CIV 05-807 MCA/RHS on January 18, 2006, and again denied by Judge Lynch when Plaintiff refiled it in the present action [Doc. 33, 38], Plaintiff nevertheless proceeded to file a third *Demand for Settlement* [Doc. 47] on May 7, 2007, and a fourth request for settlement [Doc. 79] on August 13, 2007.

While the Court notes the special treatment given to *pro se* litigants, see, e.g., Ehrenhaus, 965 F.2d at 920 n.3, I must also consider the significant burden this special treatment places on the other litigants who must devote their time and resources to responding to Plaintiff's excessive and poorly-drafted *pro se* filings that impugn their reputations by accusing them of professional misconduct. See Ehrenhaus, 965 F.2d at 921 (noting district court's findings that the plaintiff's "actions prejudiced the defendants by causing delay and mounting attorney fees" and by making "serious and stigmatizing allegations" that damage "the reputation of those accused so long as the lawsuit remains pending"); Jones, 996 F.2d at 264 (finding that "the Plaintiffs have prejudiced the Defendants by causing delay and mounting attorney's fees"); West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) (concluding that Defendants were prejudiced by time and money expended in response to meritless motions).

Under the second Ehrenhaus factor, I must consider the amount of interference with

the judicial process that Plaintiff has caused by her acts and omissions, including her failure to file timely written responses to the pending motions to dismiss.  This factor weighs strongly in favor of dismissal because the manner in which Plaintiff has failed to substantially comply with the case-management deadlines imposed by the Court has effectively subverted the pretrial procedure contemplated by Fed. R. Civ. P. 16, D.N.M. LR-Civ. 16.1, and Judge Lynch's scheduling orders.  Compliance with such case-management deadlines is necessary to move forward with the litigation.

Further, Plaintiff's numerous vague and incomprehensible *pro se* filings have "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1991).  Under these circumstances, the Court must preserve its ability to manage its docket "without being subject to endless vexatious noncompliance of litigants." Id.; accord Jones, 996 F.2d at 265; Ehrenhaus, 965 F.2d at 921.  The Court cannot effectively manage its docket when, as here, Plaintiff repeatedly ignores the deadlines and issues raised by the Court and other parties, and instead simply files whatever she wishes according to her own schedule.

The third factor to be considered is the culpability of the litigant.  While it is true that some of the shortcomings of *pro se* litigants may be attributed to ignorance of court procedures rather than intentional misconduct, in this case the Court has advised Plaintiff of the requisite procedures and granted extensions in order to allow her sufficient time to comply with these procedures and to seek qualified counsel to represent her.  Cf. Ferdick,

963 F.2d at 1261 (concluding that district court did not abuse its discretion in dismissing action after *pro se* plaintiff failed to take advantage of court's guidance on how to proceed); Jones, 996 F.2d at 265 (similar).  Despite this advice, Plaintiff persists in her *ad hominem* attacks and untimely non-responsive filings which misrepresent the content and context of her communications with Defendant's counsel.

Accordingly, I find that Plaintiff's conduct is sufficiently deliberate to support a finding of culpability.  I also note that the Court is not holding Plaintiff to a more stringent standard than that applicable to litigants represented by counsel who repeatedly cause delays or fail to comply with case-management deadlines.  See, e.g., Gripe, 312 F.3d at 1188-89.

Under the fourth Ehrenhaus factor, I consider it significant that Plaintiff has been repeatedly warned of the consequences of her failure to comply with the deadlines imposed by the Court, not only in this action [Doc. 17, 38] but in the action that preceded it [No. CIV 05-807 MCA/RHS, Doc. 26, 28].  Accordingly, this factor also weighs in favor of dismissal. See Ehrenhaus, 965 F.2d at 921; Jones, 996 F.2d at 265.

Finally, the Court considers the efficacy of lesser sanctions.  In the prior action, the Court imposed the lesser sanction of dismissing some of her claims without prejudice [No. CIV 05-807 MCA/RHS, Doc. 28], but that has proven ineffective in preventing further misconduct.  In the present action, I conclude that dismissing Plaintiff's remaining claims with prejudice is the only effective sanction.

Imposing a lesser sanction at this juncture would only add to the burden and expense imposed on other litigants without changing the end result of the litigation.  For example, the

11

lesser sanction of requiring Plaintiff to pay the Defendants' attorney fees or some other monetary award as a prerequisite for continuing to litigate her remaining claims would not be effective because there is no basis in the record to conclude that this *pro se* Plaintiff would have the ability to pay such an award, and without such payment her claims would then be dismissed at a later date.  Cf. Hornbuckle v. Arco Oil & Gas Co., 732 F.2d 1233, 1237 (5th Cir. 1984) (noting that monetary award was not necessarily a lesser sanction than dismissal when record did not show that plaintiff could pay the monetary sanction in order to avoid dismissal), appeal after remand, 770 F.2d 1321 (5th Cir. 1985).  In addition, simply denying Plaintiff the opportunity to participate in additional discovery or to present further evidence or argument on the pending motions would not change the result because, as noted below, the Court concludes that the existing record supports the granting of Defendants' motions to dismiss.

### C.   Defendants' Motions to Dismiss

In addition to dismissing this action with prejudice under the sanctions analysis provided above, the Court concludes, in the alternative, that Plaintiff's claims against the remaining Defendants must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Each of the remaining Defendants has moved to dismiss Plaintiff's claims under this rule.

In the Court's prior orders dismissing without prejudice the previous civil action that Plaintiff filed against these Defendants and allowing her to file a more definite statement in the present case, the Court "left open the possibility that . . . [P]laintiff might later establish

12

some 'set of [undisclosed] facts' to support recovery," because, at that point, the Court could not say "beyond doubt that the [P]laintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." Twombly, 127 S. Ct. at 1968 (citing Conley, 355 U.S. at 45-46). In light of the Supreme Court's opinion in Twombly and the Tenth Circuit's opinion in Schneider, 2007 WL 1969681, this forgiving standard no longer applies to the pending motions to dismiss under Fed. R. Civ. P. 12(b)(6).

Applying the Twombly standard to these motions where the defense of qualified immunity is specifically raised, I conclude that Plaintiff's various iterations of her claims against the remaining Defendants do not "possess enough heft to sho[w] that the pleader is entitled to relief." Twombly, 127 S. Ct. at 1966 (internal quotation marks omitted). While Plaintiff has alleged that the remaining Defendants engaged in a variety of conduct which upset her, her obligation to provide the grounds of her entitlement to relief requires more than a conclusory statement that these upsetting experiences violated her civil rights in some unspecified way. See id. at 1964-65 (citations omitted).

Because 42 U.S.C. § 1983 is not an independent source of substantive rights, but rather a mechanism for enforcing federal rights conferred elsewhere, the analysis of a federal civil-rights claim necessarily begins by identifying the specific constitutional or statutory rights which Defendants are alleged to have violated. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). Such analysis cannot proceed, however, where the Plaintiff fails to identify the specific legal right at issue with respect to each claim and each Defendant. And while the pleadings of *pro se* litigants are to be liberally construed, see Haines v. Kerner, 404 U.S.

519, 520 (1972) (per curiam), this rule does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), nor does it allow this Court to supply additional factual allegations to round out Plaintiff's *Complaint* or construct a legal theory on her behalf, see Whitney v. N.M., 113 F.3d 1170, 1173-74 (10th Cir. 1997).

In particular, Plaintiff's pleadings fail to link any of the upsetting experiences she describes therein to the violation of a specific and clearly established constitutional or statutory right by a particular Defendant (or to a viable tort claim under state law against a particular Defendant).  In this regard, her original pleading in this action contains a broad, conclusory allegation of "circumvention of constitutional rights, gross negligence, co-conspiracy, cover up, perjury, slander per se, libel per se," which she later describes as an "invasion of privacy and violations of civil rights." [Doc. 1.]  Despite the guidance provided in the Court's *Order* [Doc. 17] directing her to file a more definite statement, Plaintiff's *Amended Complaint* [Doc. 18] again relies on a vague request to "consider the Plaintiff's legal claim showing all legal claims" on the grounds that "Plaintiff has shown a preponderance of the evidence of all evidence in exhibits and showa [*sic*] all civil rights violations on exhibits in records at the courthouse."  While the factual narrative that precedes this request does contain a statement that Defendant Serta "committed a battery" [Doc. 18], there are no supporting allegations to show why this Court would have jurisdiction over such a tort claim between two parties who are not of diverse citizenship.  Finally, Plaintiff's *Amendment to Pleadings and Additional Parties* [Doc. 44] appears to be a response to Judge

14

Lynch's prior orders [Doc. 38, 42] and does not contain any explanation of how the "additional parties" (or witnesses) listed therein relate to any of her claims or to the alleged incidents described in her previous pleadings.

Accordingly, I conclude that Plaintiff's pleadings in this action fail to meet the standard for surmounting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as articulated in <u>Twombly</u>, 127 S. Ct. at 1964-66.  With respect to each remaining claim, incident, and Defendant, Plaintiff has failed to identify a specific and clearly established constitutional or statutory right which would provide her with grounds for seeking relief in a federal court.

## III. <u>CONCLUSION</u>

Applying the above principles, I conclude that this action must be dismissed with prejudice as to all remaining Defendants because Plaintiff's pleadings fail to state a claim under Fed. R. Civ. P. 12(b)(6), and because the source of this failure is Plaintiff's repeated non-compliance with the Court's rules and prior orders directed at clarifying the nature of her claims and any supporting evidence.  In light of the Court's conclusions with respect to the motions to dismiss and the motions for sanctions, all other pending motions are denied as moot.

**IT IS THEREFORE ORDERED** that *Defendants' Second Motion for Sanctions* [Doc. 45] filed on May 4, 2007, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *Motion to Strike* [Doc. 46] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's *Demand for Settlement* [Doc. 47] is

**DENIED AS MOOT**.

     **IT IS FURTHER ORDERED** that Plaintiff's *Motion for Non-Dismissal of Defendant* [Doc. 49] is **DENIED AS MOOT**.

     **IT IS FURTHER ORDERED** that *Defendant's Fourth Motion for Sanctions* [Doc. 52] is **GRANTED**.

     **IT IS FURTHER ORDERED** that *Defendant Quillman's Motion to Dismiss With Prejudice* [Doc. 53] is **GRANTED**.

     **IT IS FURTHER ORDERED** that  Plaintiff's *Motion for Answer to Defendants Sanctions* [Doc. 55] is **DENIED AS MOOT**.

     **IT IS FURTHER ORDERED** that  Plaintiff's *Second Motion for Nondimissal of Defendants* [Doc. 59] is **DENIED AS MOOT**.

     **IT IS FURTHER ORDERED** that  *Defendant Massert's Motion to Dismiss With Prejudice* [Doc. 60] is **GRANTED**.

     **IT IS FURTHER ORDERED** that *Defendant Baca's Motion to Dismiss With Prejudice* [Doc. 62] is **GRANTED**.

     **IT IS FURTHER ORDERED** that *Defendant Serta's Motion to Dismiss With Prejudice* [Doc. 69] is **GRANTED**.

     **IT IS FURTHER ORDERED** that *Plaintiff's Motion Requesting Depositions of Each Defendant* [Doc. 77] is **DENIED AS MOOT**.

     **IT IS FURTHER ORDERED** that Plaintiff's *Request for Pre-Trial Settlement on the Above Cause* [Doc. 79] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**

as to all remaining claims and all remaining parties.

**SO ORDERED** this 20th day of August, 2007, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge